Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, P.C., *Of Counsel*
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| DEBRA MCHUGH, aka DEBRA ORMAN, <br><br> Plaintiff, <br><br> v. <br><br> GEMTEXT PORTLAND, LLC, a Washington limited liability company licensed to do business in Oregon; GEMTEXT USA, LLC, a Washington limited liability company not licensed to do business in Oregon; CLOTHES FOR THE CAUSE LLC, a Washington limited liability company not licensed to do business in Oregon; SANDY NAVIDI, an individual; LAURA LAMBORN, an individual. <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **Claims for violations of Minimum Wage and Overtime Compensation provisions of the Fair Labor Standards Act (FLSA), and related Retaliation, 29 USC §§ 206, 207, 215, 216(b), et seq.; State law claims for violations of Minimum Wage and Overtime Compensation laws, Failure to Timely Pay Wages Due and Owing Upon Termination of Employment, Retaliation, and Aiding and Abetting Retaliation,  ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.020, ORS 653.025, ORS 653.055, ORS 653.261, ORS 659A.030, ORS 659A.199, et seq.** <br><br> **(Demand for Jury Trial)** |

Plaintiff alleges:

PRELIMINARY STATEMENT

1.

Plaintiff Debra McHugh aka Debra Orman (hereinafter referred to as "McHugh") asserts

Page 1 of 16 – COMPLAINT

claims for wage and hour violations, including minimum wage and overtime compensation violations, and related retaliation, against defendants Gemtext Portland, LLC & Gemtext USA, LLC (hereinafter collectively referred to as "Gemtext") and Clothes for the Cause, LLC (hereinafter referred to as "CFTC") under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 USC §§ 206, 207, 215, 216(b), et seq.  McHugh also asserts claims for wage and hour violations, including minimum wage violations, overtime compensation violations, and failure to timely pay wages due and owing upon termination of employment, against Gemtext and CFTC under state law, ORS 652.140, ORS 652.150, ORS 652.200, ORS 653.020, ORS 653.025, ORS 653.055, ORS 653.261, et seq.  McHugh asserts additional claims for retaliation against Gemtext and CFTC under state law, ORS 659A.199, et seq.  Finally, McHugh asserts claims that the aforementioned retaliation was aided and abetted by defendants Sandy Navidi (hereinafter referred to as "Navidi") and Laura Lamborn (hereinafter referred to as "Lamborn") under state law, ORS 659A.030, et seq.  McHugh demands a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present, past, or future tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 USC § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over McHugh's state law claims pursuant to 28 USC § 1367.  McHugh's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

Page 2 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

VENUE

3.

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving rise to this complaint occurred in Marion County, Oregon.  In addition, McHugh is a resident of Marion County, Oregon.

4.

Gemtext and CFTC conduct regular, substantial and sustained business activity in the state of Oregon, including, but not limited to, Marion County.  At all times relevant, Gemtext and CFTC employed McHugh to perform work in Marion County, Oregon.  Gemtext and CFTC each, and together, constituted McHugh's joint employers.  While so employed, McHugh worked exclusively for, and was subject to the direction and control of, Gemtext and CFTC.

**FACTUAL ALLEGATIONS**

5.

Each corporate defendant's corporate registration lists Navidi as a registered agent and/or member.  Upon information and belief, Navidi possesses a controlling interest in, and exercises operation control over, each and every corporate defendant.

6.

Gemtext and CFTC comprise one single integrated enterprise.  They have (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  This single integrated enterprise also shares a common business purpose – facilitation of the recycling and redistribution of used clothing and other items by coordinating donation efforts and fundraising events – in several states, including Oregon and and Washington.  Upon information and belief, the aforementioned integrated enterprise enjoys a

Page 3 of 16 – COMPLAINT

gross volume of sales in excess of $500,000 and is engaged in commerce.  While working for these entities McHugh was involved in interstate commerce.

7.

Gemtext and CFTC were McHugh's employers for purposes of the FLSA and Oregon wage-and-hour and anti-retaliation laws.  Among other factors, Gemtext and CFTC had the right to control the manner and means by which McHugh performed her duties, the parties understood their relationship to be that of employee-employer, and McHugh's wages were subject to withholding for payroll taxes such as workers' compensation and unemployment insurance.  These entities were in an employee-employer relationship with McHugh, who was entitled to the protections of the aforementioned laws.  Gemtext and CFTC are individually and jointly-and-severally liable as to each of the claims asserted against them.

8.

On or around September 24, 2014, McHugh was hired by Gemtext to work for CFTC in the position of "event planner."  Her primary duties included: creating and maintaining relationships with non-profit organizations; working with those organizations to coordinate the maximum number of fundraising events comprised of the collection of clothing; and facilitating all aspects of the collection efforts.  McHugh performed these duties almost exclusively from her home, consistent with her agreement with Gemtext and CFTC.

9.

Upon information and belief, Lamborn was employed as a manager with Gemtext and/or CFTC, and functioned as McHugh's supervisor on behalf of Gemtext and CFTC.

10.

Under the parties' agreement, McHugh was to be compensated according on a

commission-basis: $.05 per pound of clothing collected at each fundraising event.

11.

During the tenure of McHugh's employment, she routinely worked between twenty and forty hours per week. At times, she worked in excess of forty hours per week.

12.

On or around October 7, 2014, McHugh received signed commitments from two organizations to hold fundraising events. On or around October 14, 2014, she received verbal commitments from two additional organizations, the Willamette Humane Society and HOME Youth Shelter, to hold fundraising events on a quarterly basis, beginning immediately.

13.

On or around October 16, 2014, McHugh e-mailed Kari Groshell, a Gemtext and/or CFTC management employee, and requested that she identify the basis on which McHugh's employment was exempt from minimum wage and hour requirements.

14.

On or around October 20, 2014, McHugh received an e-mail from Navidi, in which she purported to provide statutory authority for "outside salespersons" being exempt from minimum wage and hour requirements. In that e-mail she stated that McHugh was considered an "outside salesperson." Lamborn was "cc'ed" on this e-mail.

15.

Under the FLSA and Oregon law, "outside sales" do not include sales made by mail, telephone, or the internet unless such contact is merely as an adjunct to personal calls. Any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business, even though the

Page 5 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

employer is not in any formal sense the owner or tenant of the property. *US Department of Labor Wage and Hour Division Fact Sheet #17F: Exemption for Outside Sales Employees Under the Fair Labor Standards Act (FLSA).*

16.

On or around October 20, 2014, McHugh e-mailed Navidi and communicated her belief that her position was not properly classified as exempt from minimum wage and hour requirements. McHugh noted that she did not sell anything pursuant to her position, and that she did not spend the majority of her worktime away from the office. McHugh asked Navidi if she would be willing to contact the Bureau of Labor and Industries ("BOLI") to resolve this issue.

17.

Later that day, Navidi sent McHugh an e-mail stating that she had consulted with BOLI and Gemtext and/or CFTC attorneys, and had been assured that McHugh's position satisfied the criteria for an "outside salesperson." Lamborn was "cc'ed" on this e-mail.

18.

Later that day, McHugh submitted an e-mail to BOLI in which she summarized her position, job duties, and belief that she was not appropriately classified as an exempt employee.

19.

On or around October 21, 2014, McHugh received an e-mail from a BOLI representative. The e-mail noted that in order to determine whether McHugh was an exempt employee, she needed to file a wage claim for the wages she believed she was owed.

20.

On or around November 10, 2014, McHugh received a third signed commitment from another organization to hold a fundraising event. Around this time, she received another

Page 6 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

commitment via e-mail, in addition to a verbal commitment from South Salem High School.

21.

On or around November 11, 2014, McHugh received a telephone call from Lamborn. During this conversation, Lamborn asked McHugh if she had an issue with the Gemtext and/or CFTC pay structure. She then asked McHugh if she "really wanted to work for this company." McHugh responded that she did want to work for the company and also had a problem with the pay structure. McHugh stated that the only way to resolve the pay structure issue would be for her to file a wage claim with BOLI, and that she may file such a claim.

22.

On or around November 12, 2014, McHugh received a telephone call from Navidi, during which she terminated McHugh's employment. The reason Navidi gave for McHugh's termination was that she was "not a good fit." At that point in time, none of the fundraising events McHugh had coordinated had yet taken place. During this conversation, Navidi told McHugh, "I know you have an event scheduled for November and you'll get the money for that event." She didn't mention the other two events for which McHugh had received written commitments, or events relating to the verbal commitments McHugh had previously received.

23.

On or around December, 2014, McHugh received $306.20 for the November event. This is the only compensation she ever received for her employment with Gemtext and CFTC. Subsequent to the termination of her employment, McHugh served Gemtext and CFTC with a wage notice alleging the basis on which she was owed wages and an estimate of the wages she was owed.

/ / /

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

## FIRST CLAIM – VIOLATIONS OF FLSA

## McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC.

**(Count 1 - Failure to Pay Overtime Compensation under FLSA)**

24.

McHugh incorporates and re-alleges paragraphs 1 through 23 by this reference.  Pursuant to 29 USC § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Defendants willfully violated these provisions when they failed to compensate McHugh at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

25.

Pursuant to 29 U.S.C. § 207, McHugh is entitled to overtime compensation for the overtime hours worked for which she has not been compensated, in an amount to be determined at trial. Pursuant to 29 U.S.C. § 216(b), McHugh is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 2 – Failure to Pay Minimum Wage under FLSA)**

26.

McHugh incorporates and re-alleges paragraphs 1 through 25 by this reference.  Pursuant

Page 8 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

to 29 USC § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: …not less than" $7.25 per hour effective 2009. Defendants willfully violated this provision when they failed to pay McHugh at least minimum wages for all hours worked.

27.

Pursuant to 29 USC § 206, McHugh is entitled to compensation for her unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), McHugh is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 3 – Retaliation Under FLSA)**

28.

McHugh incorporates and re-alleges paragraphs 1 through 27 by this reference.  Pursuant to 29 USC § 215(a), "It shall be unlawful for any person (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  Defendants willfully violated this provision when they discharged, and discriminated against, McHugh in retaliation for the FLSA-protected activity in which she engaged.

29.

Pursuant to 29 USC § 216(b), McHugh is entitled to her lost wages, liquidated damages and compensatory damages, in addition to reasonable attorney fees and costs, each in an amount

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

to be determined at trial.

## SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS
## McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC.

**(Count 1 – Violation of Minimum Wage Laws)**

30.

McHugh incorporates and re-alleges paragraphs 1 through 29 by this reference. Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than…[f]or calendar years after 2003, a rate adjusted for inflation. For the year 2014, Oregon minimum wage was set at the rate of $9.10 an hour. Defendants willfully violated these provisions when they failed to pay McHugh at least minimum wages for all hours worked.

31.

Pursuant to ORS 653.025 and 653.055, McHugh is entitled to compensation for her unpaid minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to penalty wages. Pursuant to ORS 653.055(4) and ORS 652.200, McHugh is also entitled to her reasonable costs and attorney fees.

**(Count 2 – Violation of Overtime Laws)**

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

32.

McHugh incorporates and re-alleges paragraphs 1 through 31 by this reference.  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."  Defendants willfully violated this provision when they failed to compensate McHugh at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

33.

Pursuant to ORS 653.261 and OAR 839-020-0030, McHugh is entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, McHugh is also entitled to her reasonable costs and attorney fees.

**(Count 3 - Failure to Pay Wages Upon Termination of Employment)**

34.

McHugh incorporates and re-alleges paragraphs 1 through 33 by this reference.  Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

35.

At the time of the termination of her employment with defendants, McHugh was owed

Page 11 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

unpaid minimum wage and overtime compensation under the FLSA and state wage and hour laws. That compensation was not timely paid upon termination of her employment, as required under ORS 652.140 and ORS 652.150.

36.

Pursuant to ORS 652.140 and ORS 652.150, McHugh is entitled to payment of her unpaid minimum wage and overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial. Pursuant to ORS 652.200, McHugh is also entitled to her reasonable costs and attorney fees.

### THIRD CLAIM –VIOLATIONS OF ORS 659A.199

**McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC; Sandy Navidi; Laura Lamborn**

(Count 1 – Retaliation – Against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC)

37.

McHugh incorporates and re-alleges paragraphs 1 through 36 by this reference. According to ORS 659A.199(1) it is an unlawful employment practice "for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation."

38.

Defendants willfully violated this statute when they subjected McHugh to retaliation and, ultimately, discharge based on her whistleblowing, and thereby adversely affected the

Page 12 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

compensation, terms, conditions, and/or privileges of her employment.

39.

As a result of defendants' whistleblower-related retaliation, McHugh requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, with interest, along with compensatory and punitive damages in an amount to be determined at trial.

40.

Pursuant to ORS 659A.885, McHugh is entitled to her reasonable attorney fees and costs in this action.

**(Count 2 – Aiding and Abetting Retaliation -  Against defendants Sandy Navidi; Laura Lamborn)**

41.

McHugh incorporates and re-alleges paragraphs 1 through 40 by this reference. According to ORS 659A.030(1)(g) it is an unlawful employment practice for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [ORS 659A] or to attempt to do so."

42.

Defendants Navidi and Lamborn violated this statute when they aided and/or abetted defendants in their whistleblower-related retaliation of McHugh, and thereby adversely affected the compensation, terms, conditions and/or privileges of McHugh's employment.

43.

As a result of defendants' aiding and abetting activities, McHugh requests equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, with interest, along with compensatory and punitive damages in an amount to

Page 13 of 16 – COMPLAINT

be determined at trial.

44.

Pursuant to ORS 659A.885, McHugh is entitled to her reasonable attorney fees and costs in this action.

WHEREFORE, McHugh demands the following for her claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC.

    A. Count 1 – Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

    B. Count 2 – Unpaid minimum wage compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

    C. Count 3 – Unpaid wages, liquidated damages and compensatory damages, each in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

2. Second Claim for Relief – McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC.

    A. Count 1 – Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

Page 14 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

    B. Count 2 – Unpaid overtime compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

    C. Count 3 – Unpaid minimum wage and overtime compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

3. Third Claim for Relief – McHugh against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC; Sandy Navidi; Laura Lamborn.

    A. Count 1 – Against defendants Gemtext Portland, LLC; Gemtext USA, LLC; Clothes for the Cause LLC – Equitable relief and economic damages, including back pay, benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 15 of 16 – COMPLAINT

B. Count 2 – Against defendants Sandy Navidi; Laura Lamborn – Equitable relief and economic damages, including back pay, benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

DATED this 19th day of June, 2015.

> /s/ Jon Weiner
> Jon Weiner, OSB #993944
> jweiner@nw-attorneys.com
> Harris Law Firm, P.C., *Of Counsel*
> 1415 Commercial St SE
> Salem, OR 97302
> Tel: (503) 399-7001
> Fax: (503) 399-0745
> Of Attorneys for Plaintiff

Page 16 of 16 – COMPLAINT

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745